**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-10-0000011**
**29-AUG-2013**
**09:04 AM**

NO. CAAP-10-0000011

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HAWAII MEDICAL SERVICE ASSOCIATION, Appellant-Appellee, v. PATRICIA E.G. ADAMS, in her capacity as the Administrator of the Estate of Brent Adams, Appellee-Appellant, and THE INSURANCE COMMISSIONER and the DIVISION OF INSURANCE, of the DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS, STATE OF HAWAI'I

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-0101)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

In this secondary appeal, Appellee-Appellant Patricia E.G. Adams, in her capacity as the Administrator of the Estate of Brent Adams (Adams), appeals from the September 10, 2010 Final Judgment in Favor of Appellant-Appellee Hawaii Medical Service Association (HMSA) entered by the Circuit Court of the First Circuit (Circuit Court).[1]

Adams contends that the Circuit Court erred when it concluded the Insurance Commissioner (Commissioner) had no jurisdiction to award Adams's attorney's fees and costs incurred in defending her judgment in Hawai'i Medical Service Ass'n v. Adams, 120 Hawai'i 446, 209 P.3d 1260 (App. 2009) (Adams I).

---

[1] The Honorable Karl K. Sakamoto presided.

After a careful review of the issues raised by the parties, the record and the applicable authority, we resolve Adams's point on appeal as follows.

The Circuit Court erred when it ruled the Commissioner "lacked subject matter jurisdiction to issue the Second Order Awarding Attorneys' Fees and Costs, filed December 28, 2009 ("Second Fee Order" ) such that the Second Fee Order was void *ab initio*[.]"

"Subject matter jurisdiction is concerned with whether the court has the power to hear a case." Hawaii Mgmt. Alliance Ass'n v. Ins. Comm'r, 106 Hawai'i 21, 27, 100 P.3d 952, 958 (2004) (citations and internal quotation marks omitted). Adams filed the subject request for fees and costs with the Commissioner in the same proceeding in which the Commissioner conducted his external review, HER-07-13457. Hawaii Revised Statutes (HRS) 432E-6(e) (2005)[2] permits an enrollee of a health benefit plan to be "allowed, at the commissioner's discretion, an award of a reasonable sum for attorney's fees and reasonable costs incurred in connection with the external review . . . ." HRS § 432E-6(e).[3] Thus, the statute, on its face, gave the Commissioner the authority to award attorney's fees in connection with the external review and the Commissioner had the power to make such an award.

The terseness of the Circuit Court's ruling leaves us to guess at the basis for the ruling. However, during the Circuit Court's oral ruling, it stated that it lacked subject matter jurisdiction "over this case" and that the Commissioner "also lacked jurisdiction" to rule on Adams's December 3, 2009 motion for fees and costs.

---

[2]      HRS § 432E-6 has since been repealed and replaced by Part IV of the Patients' Bill of Rights, HRS §§ 432E-31 through -44 by Act 230 § 10 (2011) to comply with the requirements of the Patient Protection and Affordable Care Act of 2010, Public Law No. 111-148. However, the repeal of HRS § 432E-6 does not affect our analysis of the issue presented in this appeal.

[3]      2000 Haw. Sess. Laws Act 250, at 825-28.

As to the former, the Circuit Court appeared to rely on Standard Mgmt., Inc. v. Kekona, 99 Hawai'i 125, 53 P.3d 264 (App. 2001), for the proposition that when a reviewing court remands a case with specific instructions, "the trial court is powerless to undertake any proceedings beyond those specified therein." Id., at 137, 53 P.3d at 276. While it is true that the mandate in Adams I was specific,[4] the Circuit Court was presiding over HMSA's appeal from the Second Fee Order, in Civ. No. 10-1-0101, and not presiding over the remand of Adams I in Civ. No. 07-1-0918.[5] As a result, Standard Management did not apply.

With regard to the Commissioner's jurisdiction, the Circuit Court ruled that the only tribunal with jurisdiction over the case after the remand in Adams I was the circuit court, and there was "no jurisdictional basis" for the Commissioner to consider Adams's December 3, 2009 motion for fees and costs. The Circuit Court did not reveal any reason why it did not consider the authority contained in HRS § 432E-6(e) as authorizing the Commissioner's consideration of a request for fees incurred in the recently completed[6] appeal in Adams I.

Nor is one apparent from this record. HRS 432E-6(e), does not set a time limit for the fee request. Moreover, it would have been impracticable, if not impossible, to submit a request--that must pass a reasonableness test--in advance of the proceedings for which they would be incurred. Thus, the Circuit

---

[4] In Adams I, we instructed, "the Judgment filed on November 13, 2007 in the Circuit Court of the First Circuit is vacated, and this case is remanded to the circuit court with instructions to reverse the 'Findings of Fact, Conclusions of Law, Discussion and Order' and enter judgment on behalf of HMSA." Adams I, 120 Hawai'i at 457, 209 P.3d at 1271.

[5] We take judicial notice of the files and records in Civil No. 07-1-0918 and note that Judgment on remand in Adams I was entered on August 17, 2009, by the Circuit Court of the First Circuit Court, Judge Eden Elizabeth Hifo presiding.

[6] We also take judicial notice of the files and records in Appeals No. 28899, which reveals that judgment on appeal was entered on June 10, 2009 and the Hawai'i Supreme Court rejected Adams's application for certiorari on October 23, 2009, making the judgment effective as of the latter date. Hawai'i Rules of Appellate Procedure Rule 36(c)(2)(A).

Court's suggestion that the request should have been made before the appeal in Adams I was taken was not supported by the language of the statute nor was it practicable.

In making his decision to award fees for the Adam's appeal, the Commissioner reasoned,

> There is nothing in HRS §432E-6(e) that expressly limits an award to attorneys' fees and costs relating only to the administrative hearing. Indeed, HRS §432E-6(a)(4) provides for a review hearing "pursuant to chapter 91". Because HRS chapter 91, the Hawaii Administrative Procedure Act, contemplates appeals to the judicial system, it indicates that the Hawaii State Legislature contemplated that the Commissioner could award attorneys' fees and costs for appeals in appropriate circumstances. The plain meaning of the words "in connection with" is broad enough to encompass appeals from an external review. If the Legislature had intended to restrict the award of attorneys' fees to the external review it could have simply said "incurred in the external review" instead of "in connection with the external review." But it did not. In addition, the failure to award attorneys['] fees on appeal could create an incentive for a managed care plan to routinely appeal with the idea that a plaintiff cannot afford to defend the appeal, causing the managed care plan to win by default. If this happened, it could thwart the legislative purpose of the external review statute by creating a disincentive for a managed care plan enrollee to even request an external review in the first place.

We conclude that the statutory language "in connection with the external review" is ambiguous as to whether it encompasses judicial review of an external review decision. The Hawai'i Supreme Court has stated that an appellate court

> generally reviews questions of statutory interpretation *de novo*, 'Olelo v. Office of Info. Practices, 116 Hawai'i 337, 344, 173 P.3d 484, 491 (2007), but, "[i]n the case of . . . ambiguous statutory language, the applicable standard of review regarding an agency's interpretation of its own governing statute requires this court to defer to the agency's expertise and to follow the agency's construction of the statute unless that construction is palpably erroneous," Vail v. Employees' Ret. Sys., 75 Haw. 42, 66, 856 P.2d 1227, 1240 (1993).

Gillan v. Gov't Employees Ins. Co., 119 Hawai'i 109, 114, 194 P.3d 1071, 1076 (2008). The Circuit Court did not identify any authority for its determination that the Commissioner could not exercise the authority contained in HRS §432E-6(e) and

4

consequently, did not rule on whether the Commissioner's interpretation of the statute was "palpably erroneous."

Based on the foregoing, we vacate the September 10, 2010 Final Judgment in Favor of Appellant Hawaii Medical Service Association entered by the Circuit Court of the First Circuit and remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawai'i, August 29, 2013.

On the briefs:

Arleen D. Jouxson and
Rafael G. Del Castillo,
for Appellee-Appellant.

*Craig H. Nakamura*

Chief Judge

Dianne Winter Brookins and
Jason H. Kim,
(Alston Hunt Floyd & Ing)
for Appellant-Appellee.

*Daniel R. Foley*

Associate Judge

Associate Judge